**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CASE NO.

Russell Reynolds, *on behalf of himself and all others similarly situated,*

    Plaintiff,

v.

**CLASS ACTION COMPLAINT AND TRIAL BY JURY DEMAND**

ESP Receivables Management, Inc.,

    Defendant.

_____/

**NATURE OF ACTION**

1. Plaintiff Russell Reynolds ("Plaintiff") brings this action against Defendant ESP Receivables Management, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, individually and on behalf of all others similarly situated.

**JURISDICTION, STANDING, AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were

1

previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6. The FDCPA is described as a strict liability statute which "typically subjects debt collectors to liability even when violations are not knowing or intentional." *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).

7. "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." *Lewis v. Marinosci Law Grp., P.C.*, No. 13-61676-CIV, 2013 WL 5789183, at *2 (S.D. Fla. Oct. 29, 2013).

8. The Eleventh Circuit applies the "least sophisticated consumer" standard to determine whether a debt collector's communication violates the FDCPA. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985).

9. This objective standard does not consider "whether the particular plaintiff-consumer was deceived or misled; instead, the question is 'whether the 'least sophisticated consumer' would have been deceived' by the debt collector's conduct." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014) (quoting *Jeter*, 760 F.2d at 1177 n.11)).

## PARTIES

10. Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Osceola, and City of Kissimmee.

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14. Plaintiff is a natural person allegedly obligated to pay a debt.

15. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, plumbing services for Plaintiff's residence (the "Debt").

16. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

17. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

18. In connection with the collection of the Debt, Defendant sent Plaintiff written communication dated December 6, 2018.

19. A true and correct copy of Defendant's December 6, 2018 letter is attached as Exhibit A.

20. Defendant's December 6, 2018 letter was its initial communication with Plaintiff with respect to the Debt.

21. Defendant's December 6, 2018 letter lists the balance of the Debt as $20,065.84. *See* Exhibit A.

22. Defendant's December 6, 2018 letter states: "If we do not receive prompt payment, we will advise our client of their options to collect this debt. To avoid pending action, you must pay immediately or contact our office to make acceptable arrangements." *Id*.

23. The letter then claims that "[t]his however does not overshadow the rights outlined below" and purports to provide the dispute rights contained in 15 U.S.C. § 1692g(a). *Id*.

24. However, Defendant's threat of "action" and demand for immediate payment would still cause the consumer to overlook their rights due to fear of an imminent lawsuit.

25.     A consumer, faced with the above demand for a $20,000 payment, may well wonder what good it would do to dispute, given that he or she may face a lawsuit anyway if payment is not made.

26.     Defendant's December 6, 2018 letter purports to provide the dispute rights contained in 15 U.S.C. § 1692g(a) by stating: "If you notify me that the debt, or any portion thereof, is disputed, I will obtain and mail to you verification of the debt or a copy of the judgement (if applicable) against you." Exhibit A (emphasis omitted).

27.     Defendant's December 6, 2018 letter omits the "in writing" requirement, thus failing to inform Plaintiff, or the least sophisticated consumer, that the right to verification is triggered only through written dispute. *Compare* § 1692g(a)(4), *with* Exhibit A.

## CLASS ALLEGATIONS

28.     Plaintiff repeats and re-alleges each factual allegation above.

29.     Defendant's December 6, 2018 letter is based on a form or template where the letter threatens that "[i]f we do not receive prompt payment, we will advise our client of their options to collect this debt. To avoid pending action you must pay immediately or contact our office to make acceptable arrangements" and states "[i]f you notify me that the debt, or any portion thereof, is disputed, I will obtain and mail to you verification of the debt or a copy of the judgment (if applicable) against you" (the "Template").

30.     Upon information and belief, Defendant has sent more than forty (40) collection letters based upon the Template to individuals in the State of Florida in the year prior to the filing of this action.

31. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class:

> All individuals in the State of Florida to whom Defendant sent, within one year before the date of this complaint and in an attempt to collect a debt, a letter based on the Template.

32. The proposed class specifically excludes the United States of America, the State of Florida, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

33. The class is averred to be so numerous that joinder of members is impracticable.

34. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

35. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

36. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendants' violations of 15 U.S.C. § 1692 *et seq.*; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

37. The claims of Plaintiff are typical of the claims of the class he seeks to represent.

38. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

39. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

40. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

41. Plaintiff is willing and prepared to serve this Court and the proposed classes.

42. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

43. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, who will adequately prosecute this action, and who will assert, protect and otherwise represent Plaintiff and all absent class members.

44. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

45. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

46. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

47. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

48. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(4)

49. Plaintiff repeats and re-alleges the factual allegations at ¶¶ 14-20 and 26-27.

8

50. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

51. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

52. "To comply with the FDCPA's notice requirements, the notice must actually and effectively convey to the consumer his right to dispute the debt." *In re Martinez*, 271 B.R. 696, 700 (S.D. Fla. 2001), *aff'd,* 311 F.3d 1272 (11th Cir. 2002).

53. With respect to § 1692g(a)(4), [t]he statute is clear. The debt collector "shall" notify the consumer of her right to dispute the debt in writing." *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016); *see also Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013) ("[C]onsumers [must] take the extra step of putting a dispute in writing before claiming the more burdensome set of rights defined in § 1692g(a)(4), (a)(5) and (b)."); *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005) (explaining that a consumer can trigger the right to verification "only through written dispute").

54. Defendant violated 15 U.S.C. § 1692g(a)(4) by failing to meaningfully convey to Plaintiff that a dispute of the Debt, or any portion thereof, must be made in writing in order to obtain verification of the alleged debt or a copy of a judgment.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(4) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

### COUNT II
### VIOLATION OF 15 U.S.C. § 1692g(b)

55. Plaintiff repeats and re-alleges the factual allegations at ¶¶ 14-25.

56. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

57. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

58. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

59. "To comply with the FDCPA's notice requirements, the notice must actually and effectively convey to the consumer his right to dispute the debt." *In re Martinez*, 271 B.R. 696, 700 (S.D. Fla. 2001), *aff'd,* 311 F.3d 1272 (11th Cir. 2002).

60. To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has further declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *Id*.

61. "More importantly for present purposes, the notice must not be overshadowed or contradicted by accompanying messages from the debt collector." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013).

62. The notice of a consumer's rights under § 1692g may be "overshadowed" by language within the validation letter itself. *See Gostony v. Diem Corp.*, 320 F. Supp. 2d 932, 938 (D. Ariz. 2003) ("The juxtaposition of two inconsistent statements' renders the notice invalid under § 1692g.") (quotations removed).

63. "Courts have recognized FDCPA claims where a defendant has provided notice that satisfies the letter, but not the spirit, of the FDCPA requirements." *Williams v. Edelman*, 408 F. Supp. 2d 1261, 1271 (S.D. Fla. 2005) (citing *Avila v. Rubin,* 84 F.3d 222, 226 (7th Cir. 1996)).

64. Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a), during the thirty-day dispute period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(b) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

    e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

    f) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

    g) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

    h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

65. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 21, 2019.

    Respectfully submitted,

    /s/ Alex D. Weisberg
    Alex D. Weisberg
    FBN: 0566551
    Weisberg Consumer Law Group, PA
    Attorneys for Plaintiff
    5846 S. Flamingo Rd, Ste. 290
    Cooper City, FL 33330
    (954) 212-2184
    (866) 577-0963 fax
    aweisberg@afclaw.com

    Correspondence address:
    Thompson Consumer Law Group, PC

5235 E. Southern Ave. D106-618
Mesa, AZ 85206